FOSTER v. INDUSTRIAL SAVINGS & LOAN ASS'N.

SPECIFIC PERFORMANCE—COMPROMISE AND SETTLEMENT—VENDOR AND PURCHASER—MORTGAGES—PAYMENT—TIME.

Plaintiffs in suit for specific performance of a compromise settlement agreement between themselves and defendant, effected in litigation involving two mortgages and a land contract whereby plaintiff herein agreed to make payments of a less sum than was then due defendant, *held,* not entitled to decree where they failed to make payments within stipulated time, notwithstanding fact that defendant's title to land contract property was, for a time, under a cloud, where such cloud was removed prior to final date on which plaintiffs could have made their payment.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 20, 1937. (Docket No. 134, Calendar No. 39,379.) Decided March 1, 1937.

Bill by Jay B. Foster and Eliza J. Foster against Industrial Savings & Loan Association of Battle Creek, a Michigan corporation, for specific performance of a settlement agreement, an injunction and other relief. Bill dismissed. Plaintiffs appeal. Affirmed.

*N. A. Cobb,* for plaintiffs.

*Walter P. North,* for defendant.

WIEST, J. The bill herein was filed to obtain specific performance of a compromise settlement agreement between the parties. Upon motion of defendant the bill was dismissed by the court on the ground that it did "not state a cause of action or any grounds for equitable relief," and plaintiffs review by appeal.

We have before us the bill of complaint and settlement agreement. Litigation and controverted matters relative to two mortgages and a land contract existed between the parties. On December 9, 1935, the parties entered into a compromise settlement agreement fixing their mutual rights and obligations and the executory method and means of fulfillment. At the date of the agreement there was due defendant on the two mortgages and land contract, inclusive of foreclosure expenses, the sum of $13,690.86, and exclusive of taxes paid by defendant on the land contract premises. Defendant agreed to accept $11,939.13 in satisfaction of its mentioned claims, if plaintiffs immediately paid $4,058.05, through the medium of their stock credits in the defendant association, and also paid the mentioned tax of $151.78 and $7,881.08, on or before January 1, 1936, with leave, however, at plaintiff's option, to have 30 days more within which to pay the last mentioned sum. Upon receiving the stipulated payments the defend-

ant agreed to give plaintiffs discharges of the mortgages and a warranty deed, together with an abstract extended and certified to January 1, 1936, covering the land contract premises.

The agreement provided that, in case of default, the land contract should continue in force and effect with an unpaid balance of $2,977.96, and accrued interest after December 1, 1935, and that the mortgages should continue in the amount of $3,282.83 and $3,372.02, respectively, and carry accrued interest and the foreclosures should continue in full force and effect. It was also agreed that the redemption periods under the foreclosures would expire one year from the 12th day of September, 1935.

Plaintiffs paid the sum of $4,058.05, and paid $51.78 on the tax item and averred in their bill that they stand ready and willing to perform the contract and pay the balance due, inclusive of the balance of the tax item upon performance by defendant of the contract.

Plaintiffs aver in the bill that, in order to carry out the terms of the contract, it was necessary for them to have a clear right of title to the land contract property but the abstract furnished by defendant had to be returned for certification and defendant, as vendor in the land contract, had to remove a cloud upon the premises.

It appears, however, affirmatively from the allegations of the bill that, by action of defendant previous to the 31st day of January, 1936, such causes of delay no longer existed and yet plaintiffs did not perform their agreement.

The agreement did not accord plaintiffs an opportunity to acquire a loan upon the security of the land contract property and such an allegation in the bill is without the terms of the contract and affords no

excuse for departing from the terms thereof. The well pleaded allegations in the bill do not disclose conduct on the part of defendant excusing nonperformance on the part of plaintiffs.

The court was not in error in dismissing the bill. Affirmed, with costs to defendant.

FEAD, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. NORTH, J., did not sit.